**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**EZEQUIEL RIVERA,**

**Plaintiff,**

**v.** **Case No. 26-CV-787**

**NESTLE USA, INC.,**

**Defendant.**

---

# ORDER

---

Nestle USA, Inc., seeks a protective order regarding Ezequiel Rivera's planned Rule 30(b)(6) deposition. Rivera designated the deposition to occur on September 14, 2026, in Appleton, Wisconsin. Counsel for Nestle informed Rivera that he and Nestle's corporate representative are not available on September 14, and asserted that any deposition must take place at the corporation's principal place of business. (ECF No. 24 at 1.) Extensive efforts to resolve these disputes proved unsuccessful and now with the deposition imminent, Nestle seeks a protective order.

It is unfortunate that Nestle waited until the Thursday before the scheduled Monday deposition in which to file the present motion. As a result, Rivera's response is not due until days after the scheduled deposition. However, the court also recognizes that Nestle's delay was at least partially attributed to a good faith effort to resolve the present dispute without the need to resort to a protective order.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

Requiring a witness to appear for a deposition on a date that the witness's attorney is unavailable due to long-scheduled personal obligations, medical appointments, or pre-scheduled professional commitments (ECF No. 25, ¶ 4) constitutes an undue burden in the absence of an overwhelming countervailing need for the deposition to occur on the specific date.

Parties are expected to work cooperatively to accommodate witness and attorney availability in the scheduling of depositions. When counsel has informed a party that counsel or a witness is unavailable on a particular date, but available on another reasonable date, insisting that the deposition proceed as scheduled is unacceptable. This is particularly true when fact discovery does not close for many months. (*See* ECF No. 15, ¶ 4 (requiring parties to complete all discovery no later than March 1, 2027).) If the court's discovery deadline poses a problem, the appropriate solution is generally to seek an extension rather than insisting on proceeding with a deposition on a date that poses an undue burden.

Therefore, as to Nestle's motion for a protective order with respect to Rivera's Rule 30(b)(6) deposition of Nestle's corporate representative, scheduled for September 14, 2026 (ECF No. 24), the motion is **GRANTED**. The parties shall work to reschedule the deposition at a mutually agreeable time.

As for Nestle's companion request regarding the place of the deposition, the motion is **DENIED WITHOUT PREJUDICE**. "Customarily, the deposition of an organization, through its officers or agents, should be taken at its principal place of business, unless justice requires otherwise." *Wounded Warrior Project, Inc. v. Help Ind. Vets, Inc.*, No. 1:14-cv-75-PPS-CAN, 2014 U.S. Dist. LEXIS 189925, at *3 (N.D. Ind. May 23, 2014) (quoting *Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada AFL-CIO v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ind. 1992)). However, Nestle's motion regarding the place of the deposition is not subject to the same pressing need for resolution as Nestle's request regarding the date of the deposition. In rescheduling the Rule 30(b)(6) deposition, the court encourages the parties to work towards a mutually agreeable solution. If the parties are unable to resolve the dispute, Nestle must file any renewed motion for a protective order in time enough for the court to receive a response from Rivera.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 11th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge